## In re GROGAN.

*(Supreme Court, Special Term, Schenectady County.   October, 1890.)*

ELECTIONS—CERTIFICATE OF NOMINATION—FILING NUNC PRO TUNC.

A certificate of nomination of police commissioners to be chosen at a general election was filed with the county clerk as required by Laws N. Y. 1890, c. 262, § 5, but contained no authorization to fill out the names of state, district, and county officers to be placed on the same ballot. After the supreme court decided that the names of the police commissioners were to be put on the official ballots with the other officers, and 8 days before the election, the proper authorization was filed. *Held* that, though the act requires such filing to be made 12 days before the election, it should be made *nunc pro tunc*, and the official ballots printed and distributed.

*Frank S. Black*, for motion.   *Mark Cohen*, opposed.

LANDON, J.   After the anouncement of the decision in the above matter, and eight days before the day of election, an application was made to Justice LANDON by Patrick Grogan and others, upon affidavits reciting that candidates had been duly nominated for the office of police commissioners of West Troy, pursuant to section 3, and also by certificate under section 5 of the said act, by a convention composed of Democratic electors of West Troy, that the certificate of nomination had been duly filed with the county clerk, but that, owing to a construction of the statute different from that given by the said justice, the certificate of nomination did not contain an authorization to fill out the names of candidates for state, district, and county offices to be placed upon the same ballot with the said candidates for police commissioners; that on the 21st day of October a new certificate of nomination was filed with the county clerk, in which Patrick Grogan and Robert Pickett were authorized by the persons signing the certificate to represent such signers, as provided in section 5, and to make the written approval of the names of such other candidates as should be placed upon the same ballot in accordance with section 17; and that the said Grogan and Pickett had filed with the county clerk their written approval of the names to be placed upon the same ballot with the names of the candidates for police commissioners, but that the county clerk declined to cause ballots to be printed for West Troy with the names of said candidates for police commissioners with the names of candidates for the other offices specified in such written approval, alleging that such written approval must be filed 12 days before election.   After hearing counsel for and against the motion, it was ordered that the new certificate of nomination containing the authorization of Grogan and Pickett to represent the signers thereof, as aforesaid, and also their written approval of the names of the other candidates to be printed upon the same ballots with the names of said candidates for police commissioners, be filed *nunc pro tunc*, and that the county clerk cause to be printed and distributed the requisite number of said ballots for use in the several election districts in West Troy.